CYRENE SMITH, Respondent, *against* THE AMERICAN INSTITUTE OF THE CITY OF NEW YORK, Appellant.

(Decided March 4th, 1878.)

The plaintiff purchased from the defendant the right to exhibit at a fair held by it a certain article manufactured by her and known as an " abdominal supporter," and also the right to an allotment of space in the defendant's building for the purpose of such exhibition, such rights purchased by the plaintiff being subject to the condition of a right in the board of managers of the defendant to refuse admission to any one whom they might consider an improper person, and to remove the goods of such exhibitor, and also to exclude any article they might deem objectionable, and the plaintiff, in connection with the exhibition of her manufacture, exposed and circulated a circular in relation thereto—part of the circular being in capital letters—in which it was stated that the article was especially adapted " to the treatment of the various displacements of the uterus, and a relapsed state of the abdominal parts," and " for causing the womb and other organs to assume their natural positions," and that " ladies would find great comfort in wearing them before and after confinement," and that " in cases of pregnancy or very large abdomen No. 2 should be ordered," and that " they can be washed," and that orders should be " accompanied with measure around the largest part of the hips." When the character of this circular was brought to the attention of the board of managers of the defendant they directed its suppression, and notice of their action was given to the plaintiff, and she was notified that if she did not suppress the circular or modify it her privileges would be withdrawn, and her goods removed from the exhibition. After she had persistently refused to do either, and after the amount paid by her for her privilege of exhibition had been tendered her, she was excluded from admission as an exhibitor, and her goods removed from the exhibition. *Held*, that the character of the circular and the plaintiff's refusal to suppress or modify it justified such exclusion and removal under the conditions on which plaintiff purchased her privilege to exhibit. Per ROBINSON, J.

Smith v. The American Institute of the City of New York.

Under § 366 of the (old) Code of Procedure, regulating appeals to this court from the Marine and District Courts in the city of New York, which provides that "the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits," this court may reverse a judgment of the Marine Court on the ground that the damages were excessive, although no motion for a new trial was made in that court.

APPEAL by the defendant from a judgment of the Marine Court of the city of New York, entered upon a decision of the general term of that court, affirming a judgment entered on a verdict in favor of the plaintiff for $145.

No motion for a new trial was made in the court below. The facts are fully stated in the opinion.

*Malcolm Campbell*, for appellant.

*E. D. Culver*, for respondent.

ROBINSON, J.—Plaintiff, in consideration of seven dollars paid by her, obtained from the defendants the license, with the privilege of space in their exhibition building during the period of their fair in the fall of 1875, for the exhibition of her invention, styled an "abdominal supporter," subject to the conditions, that the board of managers reserved the right to refuse admission to any exhibitor whom they *might consider an improper person*, and also to remove the goods of such exhibitor; also to exclude any article they might deem objectionable. She was accordingly assigned a place for exhibition of her wares, and placed on exhibition an "abdominal supporter," an article of her own invention, which in itself could scarcely offend the most fastidious, as it presented, only in a somewhat modified form, the features of an ordinary *female corset*. She, however, had prepared for the exhibition a *circular*, designed to afford full information to females requiring treatment for abdominal ailments, which she placed in exposed situations at the fair so that they were accessible, and their inspection was invited from every man, woman and child attending the exhibition. This circular assumed to disclose, and in some extent in *capital letters*, with prominent significance,

the merits of the abdominal supporter, as adapted espe-cially *"to the treatment of the various displacements of the uter-us and a relapsed state of the abdominal parts;"* "for causing the *womb and other organs to assume their natural positions;"* and that *"ladies would find great comfort in wearing them before and after confinement;"* and that *"in cases of pregnancy or very large abdomen No.* 2 *should be ordered;"* that "*they can be washed;"* and that orders should be "accompanied *with measure around the largest part of the hips."*

The mind of any one who could recognize this circular as proper for general distribution among young men, women and children, or persons possessed of ordinary delicacy, must be so peculiarly constituted as to accept with com-placency, and as fit for general presentation, such exhibi-tions as are made in what are called "*anatomical museums,"* illustrating the grossest and most offensive forms of hu-man disease.

Considering the character of the exhibition as one intend-ed for all classes of persons, young and old, the circular was, in my opinion, not only indelicate, but indecent.

Who could, in accompanying friends, male or female, recognize such a circular but with a blush or constraint; or who would be willing to have such details of matters of pri-vate physical concern displayed to his young children, or pressed upon the attention of the friends, male or female, whom he was accompanying at the fair, and to whose unal-loyed gratification he desired to administer?

The plaintiff, if justified in this case, might, with like propriety, have freely dilated as well upon the remote and intricate causes promoting "*prolapsus uteri*" as upon all other ailments of the womb and other organs her inven-tion was designed to remedy, and also upon the whole *arcana* of the mysteries of midwifery, or ailments peculiar to females. It is but common decency which demands that, except when necessity requires their disclosure, all such details should be concealed, and the minds of the common throng of hu-manity guarded from their contemplation. Immediate sup-pression by all lawful means, considering the character of

the circular, a distribution of which the plaintiff insisted upon making, and by all her power endeavored to promote, would seem to any one not interested in effecting the sale of her wares, or, as she states it, one having " to battle round to support herself," a matter of manifest propriety and necessity. When the character of this circular was brought to the attention of the directors of the Institute they directed its suppression. Notice of such action was given to the plaintiff, and she was told that if she did not suppress the circular, or modify it, her privileges would be withdrawn and her goods removed from the exhibition. She said she should circulate that circular, and defied them to remove the case containing her wares. After her persistent refusal, and after the money she had paid for her privilege had been re-tendered, her passes were recalled and her goods removed from the exhibition. In this the defendants, in my opinion, were fully justifiable, and they would have acted reprehensibly if they had not done as they did. The plaintiff by her conduct, and within the terms of the contract or license admitting her and her goods on exhibition, had become one justly imputable with the charge of being an *improper person*, whose action affected the good order and *proper* conduct of the exhibition, and who might be excluded for that reason, within the terms of her admission as an exhibitor.

But secondly, in the review on appeal of the judgments of the District and Marine Courts of this city, this court is not confined to mere questions arising upon strict exceptions taken on the trial, but are " to give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits." (Code, sec. 366 ; *Hazard* v. *Conklin*, G. T. Nov. '76. MSS. p. 14.)

The damages awarded the plaintiff, even if there was any breach of contract on their part, were excessive. It is impossible to analyze the verdict of the jury and determine what items entered into it. The cost of the circulars was allowed to be presented to the jury as an element of damage. They were for general use in representing the merits of the article,

and nothing was shown from which it could be deduced that they did not, for that purpose, continue of the value of their cost, or how such value was impaired by her exclusion from the exhibition. She was allowed to show the value of two supporters "gone," without any proof establishing their conversion. She had the benefit of the exhibition for three weeks, and yet was allowed to prove the value of her time in getting ready for and attending the exhibition at $4 a day; also, the cost of getting ready for the fair, estimated at $100, including her preliminary preparations; also, for *extra* work on seven supporters for the exhibition $10 each, and loss on cost of show cases $25, between what she paid for them and what she realized on subsequent sale. Even if the defendant wrongfully withdrew her license there was no proof in the case aside from the loss of goods, which the judge excluded from the jury, that her damages in preparing the articles for exhibition and extra labor thereon; the procuring of the show case; the expense of transportation of the articles from her domicile to the exhibition; the expense of the circulars for the exhibition and her loss of time, amounted to any such sum as $145. The judge also erred in allowing these considerations to be submitted to the jury as elements of damages. Also, in charging that the right reserved to exclude must be exercised within a *reasonable time*. On the contrary, such right was expressly reserved during the exhibition. So, too, the charge of the judge in failing to distinguish between the contract to allow an exhibition of the *article* and the assumption by the plaintiff of a right to issue the *circular* could not but have confused the jury, and led to the erroneous result.

In my opinion, the plaintiff, by her own conduct, deprived herself of all benefits of her contract to be allowed to continue as an exhibitor, and she and her goods were, under the circumstances, rightfully ejected. Moreover, in any aspect of the case the judge allowed improper testimony as to damages.

The judgment in her favor should therefore be reversed and a new trial ordered, with costs to abide the event.

LARREMORE, J.—I concur on the ground that the damages are too remote as to most of the items proved.

Judgment reversed and new trial ordered, with costs to abide the event.